# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HARRY B. PENNINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 08-2097-CM |
| ) | |
| **GB INTERNATIONAL S.P.A.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Harry B. Pennington filed this action in state court against defendant GB International S.P.A. The case is presently before the court on defendant's Motion to Dismiss Counts III and IV of Plaintiff's Petition for Failure to State a Claim Upon Which Relief May Be Granted (Doc. 7). Because the motion is now moot, the court denies the motion.

## I.   Background

On February 13, 2008, plaintiff filed this action in the District Court of Wyandotte County, Kansas. Plaintiff alleged four counts: (1) breach of contract; (2) unjust enrichment; (3) fraud; and (4) bad faith. The case was removed to this court on March 5, 2008.

On April 1, 2008, defendant filed the present motion. Defendant argued that plaintiff's fraud claim lacks the specificity Fed. R. Civ. P. 9(b) requires and Kansas law does not recognize a bad faith tort. Plaintiff did not file a response brief to this motion.

On April 23, 2008, the parties filed a joint stipulation (Doc. 10). This stipulation stated, "Pursuant to Rule 15(a)(2), Defendant hereby consents to allow Plaintiff to file his First Amended Complaint in this matter on or before May 8, 2008." Accordingly, plaintiff filed the amended

complaint (Doc. 12). The amended complaint does not incorporate or reference the original state court petition.

## II. Analysis

"It is a well-established general rule that an amended complaint, filed pursuant to Federal Rules of Civil Procedure Rule 15(a), supersedes the complaint it modifies and renders the prior complaint of no legal effect." *Fullerton v. Maynard*, No. 91-7002, 1991 WL 166400, at *1 (10th Cir. Aug. 29, 1991); *see also Heineman v. United States*, No. 06-4086-SAC, 2006 WL 3512949, at *2 (D. Kan. Nov. 16, 2006). Specific allegations in the original complaint are incorporated into the amended complaint only by direct and specific references by the amended complaint. *Fullerton*, 1991 WL 166400, at *1. Moreover, "[u]pon the proper filing of an amended complaint, the district court limits its examination to those claims included in the most recently amended complaint . . . .'" *Heineman*, 2006 WL 3512949, at *2 (quoting *Hal Roach Studios Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)).

Here, plaintiff filed the unopposed, amended complaint pursuant to Federal Rule of Civil Procedure 15(a). Defendant has not argued, nor does the court presently find, that the amended complaint specifically and directly references any allegation in the original petition. Thus, defendant's motion only moves to dismiss claims that no longer have any legal effect. Because the motion is moot, the court denies defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Counts III and IV of Plaintiff's Petition for Failure to State a Claim Upon Which Relief May Be Granted (Doc. 7) is denied as moot.

Dated this   28th   day of 2008, at Kansas City, Kansas.

-3-

      /s/Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**